HARRY F. SMITH, PROSECUTOR, v. C. HARRY BAKER, COUNTY CLERK OF MERCER COUNTY.

Argued ——— —, 1906—Decided May 18, 1906.

1. The act of 1906 (*Pamph. L., p.* 246), dividing counties into assembly districts, following *State* v. *Wrightson,* 27 *Vroom* 126, is declared unconstitutional.

2. The last section of the statute imposes the duty upon the several county clerks to cause the said act to be printed for circulation in their respective counties, and to furnish copies to persons applying therefor. *Held,* that this section, being a part of the unconstitutional act, and as the failure to print will not affect the election to be held under the act; and the usual method of publishing statutes being efficient, and the cost of printing falling upon the clerk, it follows that the court, in the exercise of its discretion, will not award a writ of *mandamus* compelling the clerk to print the act.

On rule to show cause why a writ of *mandamus* should not issue.

Before Justice REED, by consent.

For the relator, *Robert H. McCarter,* attorney-general.

For the respondent, *Edwin Robert Walker.*

The opinion of the court was delivered by

REED, J. A supplement to "An act to regulate elections" was approved on April 19th of the present year. *Pamph. L.*

1906, *p.* 246. This act divides the counties in the state into assembly districts for the purpose of electing members of the general assembly.

The last section of the act is as follows:

"The county clerks; in the several counties of this state shall, within ten days after the approval of this act, cause the same to be printed for circulation in their respective counties, and shall furnish to any person applying to them therefor a printed copy of this act. The failure of any county clerk to furnish such copy to any person so demanding the same shall not, however, be construed to invalidate or affect any election held under this act."

C. Harry Baker, the clerk of Mercer county, after a period of ten days had elapsed from the date of the approval of the act, upon the application of Harry F. Smith, a citizen of the State of New Jersey, refused to deliver a copy of the act and announced his intention not to print the same for circulation. On petition a rule was allowed that said C. Harry Baker should show cause why a writ of *mandamus* should not go directing him to perform the duty thus imposed by the section mentioned.

That the act in question, so far as it provides for the election of members of the general assembly by districts, is violative of the state constitution, must be regarded as settled in this court by the case of *State* v. *Wrightson, 27 Vroom* 126. Because of the decision in that case the respondent claims that he owes no duty to any citizen to print and distribute copies of the act.

The question supervenes whether the unconstitutionality of the act relieves the clerk of his duty to print and circulate it.

There are instances where, upon application for a writ of *mandamus*, the court will not permit a ministerial officer to set up that a statute imposing a duty is unconstitutional, or that the relator, for this or other reasons, is not entitled to the writ. One of these instances is when a clerk refuses to administer an official oath to a person holding the *prima facie* evidence of an election or appointment to an office, and the refusal is put upon the ground that the officer was never

legally elected. *High Extr. Pro.,* § 52. The court will not try the title to an office upon an application for a writ of *mandamus,* but will compel the ministerial officer to administer the official oath for the purpose of putting the relator in a position to try his title on *quo warranto. King* v. *Clarke,* 2 *East* 74, 82. This instance is the subject of remark by Mr. Justice Van Syckel, in his opinion in *Pell* v. *Newark,* 11 *Vroom* 71.

This rule applies although it may be claimed by the respondent that the alleged officer's title rests upon unconstitutional legislation.

It has also been held that a public officer, entrusted with the collection · or disbursement of public revenues, has no right to refuse to perform his ministerial functions because the law prescribing his duties may be unconstitutional. *Smyth* v. *Titcomb,* 31 *Me.* 272.

The doctrine that a ministerial officer cannot refuse to act because he challenges the validity of a statute which imposes the duty, or which makes the execution of the duty useless, no doubt reaches to other instances, but so far as I have discovered the adjudicated cases seem confined to those instances already mentioned.

In respect to the present instance it may be that if the legislature had, by a separate act, imposed upon some officer the duty to print and distribute all the statutes passed by the legislature, such officer could not have resisted a *mandamus* to compel him to perform this duty, in respect to certain statutes, on the ground that those particular statutes were unconstitutional. It is perceived, however, that the last section of the act of 1906 is a part of the act to be printed and distributed. The duty imposed upon county clerks respects this act alone. The subject-matter of the legislation is deemed of such peculiar interest to the citizens that a special method is adopted by which information can be conveyed to them of this radical change in the system of state representative government. Can it be said that, assuming the entire nullity of the whole election scheme, the legislature meant that the provision for the special printing and distribution of

this worthless statute should be, nevertheless, executed? I can only judge of the purpose of the section by reading the statute itself, and from this point of view I am of the opinion that the provision for the printing and distribution of the act falls with the act itself.

But, conceding that this section is severable, nevertheless, this court is invested with a discretion in awarding or refusing a writ of *mandamus*. *High Extr. Pro.*, § 9; *Mech. Pub. Off.*, § 943; 14 *Am. & Eng. Encycl. L.* (*1st ed.*) 96, and cases cited. In the exercise of this discretion I am of the opinion that the writ should be refused. If the specific constitutional question had not been decided by this court, then, however strong my own opinion of the invalidity of the act, I would allow the writ. But the constitutional question is at rest in this court. The decision in the Wrightson case is, until reversed, the law of the state.

Again, the failure to presently print and distribute the act will in no way affect any election which may be held in accordance with its provisions.

Again, the usual method of publication of the statutes of the state will suffice, in respect to this act, as it will in respect to all other statutes.

Again, the expense of printing the act is imposed upon the county clerks, and I can see no reason for burdening these officers with the costs of printing and distributing what must be now regarded as an unconstitutional and void statute.

For these reasons the rule to show cause is discharged.