## WILLIAM H. KEEGAN, RELATOR, v. THE MAYOR OF THE CITY OF BAYONNE ET AL., RESPONDENTS.

Submitted December 1, 1910—Decided February 27, 1911.

1. The charter of the city of Bayonne confers upon the common council the power to establish, regulate and control a day and night police, and to regulate and define their duties and compensation. Under this power an ordinance was adopted establishing and regulating a police department, and later a supplement thereto provided that there might be appointed by the council, upon the nomination of the mayor, two or more sergeants of police to perform such duties as might be prescribed by the mayor and approved by the council. *Held*, that this legislation did not authorize the appointment of more than two sergeants of police.

2. Such an ordinance would permit the mayor and council, by nomination and appointment, to increase to an indefinite number sergeants of police, and it is in effect establishing, regulating and controlling the police force by a method other than by ordinance as required by the charter.

On rule to show cause why a writ of *mandamus* should not issue to compel the assignment of the relator to duty as sergeant of police.

Before Justices REED, PARKER and BERGEN.

For the rule, *Collins & Corbin.*

*Contra*, Merritt Lane and Daniel J. Murray.

The opinion of the court was delivered by

BERGEN, J. The charter of the city of Bayonne (*Pamph. L.* 1872, *p.* 686, § 40) confers upon the common council of that city power to adopt ordinances for certain purposes therein set forth, among them being (paragraph 17) "to establish, regulate and control a day and night police, and to regulate and define their duties and compensation." An ordinance was adopted establishing and regulating a police de-

partment. Subsequently another ordinance, described as a supplement to the original, was adopted, a portion of which, pertinent to this issue, reads as follows: "There shall be appointed by the Council of the city of Bayonne, upon the nomination of the Mayor, two *or more* members of the police force of said city who shall be designated sergeants of police, who shall perform such duties as may be prescribed by the Mayor and approved by the Council." The legality of this supplement is the subject of the present contest.

The relator was nominated to the position of police sergeant by the mayor and confirmed by the council, and his right to the office depends upon the efficiency of the supplement. At the time this supplement was adopted the Civil Service act was supposed to be in force in Bayonne, having been adopted by the council and not by a vote of the people, as was afterwards held to be necessary in *Attorney-General* v. *Mc-Guinness, 49 Vroom* 346, and an application was made to the civil service commission for a list of persons eligible for such appointment, which was furnished by the civil service commissioners to the city authorities, and it contained the names of three persons, of whom the relator's was one, and he was appointed from those certified by the civil service commission as eligible, the selection by the mayor being restricted to that list under the law as it then stood. The civil service commissioners subsequently refused to approve an order for relator's compensation, alleging some neglect of its rules regarding the appointment, and the relator was assigned by the chief of police under the order of the mayor to the duties of patrolman. After the decision in the case of *Attorney-General* v. *McGuinness, supra,* the relator applied to the mayor and chief of police to be assigned to perform the duties of a police sergeant, and his application being refused, he was allowed this rule to show cause why a *mandamus* should not issue compelling the mayor and the chief of police to make the assignment he demanded.

In opposition to this rule it is urged that when the relator was appointed there were already two sergeants of police in office (and this is admitted by the relator), consequently there was neither office nor vacancy to which the relator could be

appointed, and that the attempt to appoint him as sergeant of police, in the manner adopted, had no legal support. This contention is sound. By the charter the power to establish, regulate and control a police force in the city must be exercised by ordinance, but the ordinance under consideration confers upon the mayor and council the power to appoint, not only two sergeants, but as many more as they may see fit— that is, it is attempted to empower them to appoint an indefinite number of police sergeants who are to perform such duties as the mayor may prescribe, and the council approve, thereby establishing, regulating and controlling the police force by a method other than by ordinance as required by the charter. The fixing of the number of officers and the prescriptions of their duties is an essential part of the establishment and regulation of a police department, and this the charter under consideration requires shall be by ordinance, and it is not a compliance with the charter to ordain that the mayor and council may appoint as many police sergeants as they may determine upon with the power to prescribe all their duties, for that would delegate to the appointing power the determination of how many police sergeants there should be, and also what duties they should each perform. This would effect the establishment, regulation and control of the police department, not by ordinance, but by appointment. If the words "or more" be treated as surplusage and the ordinance held to provide for two such offices, they were both filled when this appointment was attempted, and there was no office provided by ordinance to which the respondents could assign the relator. The duty of the respondents to recognize the relator as a police sergeant lawfully appointed is not so clear as to justify the writ of *mandamus,* and the rule to show cause should be discharged. This result makes it unnecessary to pass upon the question raised by the respondents, which is that assuming the appointment was made in compliance with the Civil Service law, the appointment became void when it was adjudged that the manner in which the law was adopted by the city of Bayonne was contrary to the provisions of our constitution. On this question we express no opinion.

The rule to show cause is discharged, with costs.