SAMUEL WILSON, RESPONDENT, v. BOARD OF COMMIS-
SIONERS OF JERSEY CITY ET AL., APPELLANTS.

Argued November 20, 1919—Decided March 1, 1920.

1. The Federal War-Time Prohibition act, while it forbids the sale
   of liquors for beverage purposes during its continuance, did not
   suspend the New Jersey statute authorizing the issuance of li-
   censes to sell liquors, nor did the provision of the constitution of
   the United States which forbids such sale after January 16th,
   1920, operate to avoid a license which was issued previous to the
   constitutional amendment taking effect, for, as the ban of federal
   statutory prohibition might have been removed pending the run-
   ning of the license by the termination of the war and the procla-
   mation of the president, the licensee, in that event, could law-
   fully have sold liquors under his license, issued pursuant to our
   statute, until the amendment of the federal constitution went
   into effect.
2. The grant of a license to sell liquor is judicial in its nature, and
   citizens and taxpayers are entitled to raise jurisdictional objec-
   tions before the licensing tribunal, and when they do so they are
   entitled to be heard; but, when such hearing is denied and the
   proceedings are reviewed in a court of law, and the objections
   urged are found to be invalid, the proceedings underlying the
   grant of license will be sustained.

On appeal from the Supreme Court.

For the appellants, *John Bentley* and *John Milton*.

For the respondent, *G. Rowland Munroe*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The Supreme Court, on *certiorari*
to review the action of the board of commissioners of the city
of Jersey City in granting to Hugh Meehan a license to sell
spirituous, vinous, malt and brewed liquors, at No. 635 Ocean
avenue, in said city, set the license aside. The board and
Meehan appeal.

The facts are: Meehan was the holder of such a license,
which expired June 30th, 1919. He filed an application for

a new and similar license to run for one year from July 1st, 1919. On June 30th the board of commissioners held a meeting and adopted a resolution granting to Meehan a license "to sell spirituous, vinous, malt and brewed liquors at No. 635 Ocean avenue, in said city, from date hereof to July 1st, 1920," the license being dated June 30th, 1919. On July 2d, 1919, the writ of *certiorari* was applied for and granted to review the proceedings. On August 4th the matter was heard before one of the justices of the Supreme Court, who held that the license should be set aside, and judgment of reversal was accordingly entered.

It was contended on behalf of the defendants in the court below that the prosecutor of the writ had no standing because he was not specially injured by the action of the board of commissioners. This contention was decided in favor of the prosecutor. But, in the view we take of the case, it is unnecessary to consider that question.

There were three reasons assigned by the prosecutor for reversing the proceedings under review, first, because Meehan applied for a license to sell liquors for one year from July 1st, 1919, to July 1st, 1920, which was granted while the law of the United States providing for war-time prohibition forbade the sale for beverage purposes of any distilled spirits, or beer, wine or other intoxicating malt liquors, after June 30th, 1919, until the conclusion of the war, and thereafter until the termination of demobilization, the date of which was to be determined by the president of the United States, and, the war not having been concluded, and demobilization not having taken place, the grant of license to Meehan was contrary to the laws of the United States; second, because the license was issued in conflict with the constitution of the United States, which forbade the sale of intoxicating liquors for beverage purposes after January 16th, 1920; and, third, because the license was granted without opportunity being afforded to the prosecutor to be heard on his remonstrance, although he demanded a hearing.

The court below decided that the first and second reasons were valid, but made no deliverance on the third one, nor

was it necessary, because the decision was in favor of the prosecutor on the first two, which carried down the license.

We think the Supreme Court erred in deciding against the defendants for the first and second reasons assigned.

In *Maroney* v. *LaBarre, 77 N. J. L.* 556, the plaintiff in error, being imprisoned for debt, petitioned the Common Pleas Court for discharge under the provisions of the act for the relief of persons imprisoned on civil process, but his discharge was refused upon the ground that the law invoked was suspended by the United States bankruptcy act. The Supreme Court affirmed the Common Pleas and the case came to this court for review, where the judgment was reversed. It was here held that a general assignment for the equal benefit of creditors is an act of bankruptcy, but unless proceedings in bankruptcy are instituted it is valid. This means that the federal law is paramount but not exclusive. And the opinion in the Maroney case concludes with the assertion that our act for the relief of persons imprisoned on civil process is not in conflict with the federal bankruptcy law and is not suspended thereby.

In our opinion the federal war-time prohibition act, while it forbids the sale of liquors for beverage purposes during its continuance, did not suspend our state statute authorizing the issuance of licenses to sell liquors, nor did the provision of the constitution of the United States, which forbids such sale after January 16th, 1920, operate to avoid a license which was issued previous to the constitutional amendment taking effect, for, as the ban of federal statutory prohibition might have been removed pending the running of the license by the termination of the war and the proclamation of the president, the licensee, in that event, could lawfully have sold liquors under his license issued pursuant to our statute until the prohibition amendment of the federal constitution went into effect.

Under state law it has been illegal to sell intoxicating liquors on Sunday or on election day or to minors, yet these limitations upon the grant were never written into license certificates by way of exceptions, they simply operated upon

the grant, and, likewise, first, the federal war-time prohibition act, and, second, the prohibition amendment to the federal constitution, operated upon the license under review.

Lastly, it is urged that the judgment before us should be affirmed because the prosecutor was not afforded an opportunity to be heard on his remonstrance. To sustain this contention he cites the cases of *Dufford* v. *Nolan,* 46 *N. J. L.* 87, and *Austin* v. *Atlantic City,* 48 *Id.* 118. These cases hold that the granting of licenses to sell liquor is judicial in its nature, and that citizens and taxpayers are entitled to raise jurisdictional objections before the licensing tribunal, and that, when they do so, they are entitled to be heard.

The remonstrance of the prosecutor in the case at bar consisted of two letters. He, observing in the public press, that applications for licenses were being received by the city clerk of Jersey City, wrote a letter June 17th, 1919, to the board of commissioners, calling their attention to, and quoting, the act of congress establishing war-time prohibition, and also calling their attention to the eighteenth amendment to the constitution of the United States forbidding the manufacture, sale, &c., of intoxicating liquors after January 16th, 1920, and protested against the granting of any licenses in Jersey City as they would be in conflict with the federal statute and constitution, a power superior to our state laws where the two are in conflict. Later, June 25th, 1919, observing that the city commissioners had formally authorized the city clerk to advertise the applications for such licenses, the prosecutor again wrote to the board, requesting that a hearing be given in order that he and any other citizens "desiring to be heard might be given an opportunity to appear before them and be heard on the question." Thereafter the prosecutor received an acknowledgment from the mayor, on behalf of the board, of the receipt of the communication requesting a hearing. On June 30th, but without notice to the prosecutor, the board granted the license to Meehan. This grant was made "upon the conditions and subject to the provisions of the laws regulating the sale of intoxicating liquors and granting of licenses therefor."

It will be observed that the remonstrance of the prosecutor stated two reasons why the license should not be granted, namely, war-time prohibition and federal constitutional prohibition, and it was expressly stated by him that a grant of license in Jersey City would be void because of these. The grounds of objections thus stated are pure questions of law, and did not raise any jurisdictional impediments to the granting of the license in question, because, as we have shown, they did not operate to suspend our statute authorizing the granting of licenses. The case on this point is similar to that of *Dufford* v. *Hoagland,* reported *sub nom. Dufford* v. *Nolan, supra* (at *p.* 92). There a remonstrance was presented against the granting of a license, which was laid on the table and the license applied for was immediately granted. The reasons, averring that that application was in fact insufficient because of lack of required qualifications on the part of some of the signers, &c., were examined and held by the Supreme Court to be invalid, and the resolution and proceedings underlying the grant of license, were sustained. And so here, assuming that the prosecutor was denied a hearing upon the jurisdictional questions, those questions, upon examination, prove not to be valid ground for disturbing the proceeding.

We are of opinion that the Supreme Court erred in the case *sub judice,* and its judgment should, therefore, be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.