WALTER J. HERBERT, PLAINTIFF, v. WILLIAM G. BURKHARDT, ET AL., DEFENDANTS.

GEORGE E. LAIRD, PLAINTIFF, v. WILLIAM G. BURKHARDT, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 16, 1951.

*Mr. John E. Yoemans* for the plaintiff (*Mr. Bruce A. Wallace,* attorney).

*Mr. Francis G. Homan,* attorney for defendants.

DONGES, J. S. C. This matter is before the court on complaints in lieu of prerogative writs. Plaintiffs instituted separate actions to test the legality of their dismissal from the police department of Pine Hill. The two actions were consolidated for the purpose of a hearing and heard by me without a jury.

I find the facts to be as follows:

Plaintiff, Herbert, was originally appointed as a special officer in 1939, and promoted through the ranks until he received the position of chief of police in 1940, when the office was abolished. Plaintiff, Laird, was appointed a special officer in 1941 and served as such until May 3, 1944. On the latter date, the Borough Council of Pine Hill passed an ordinance creating a police department. Pursuant thereto, plaintiff Herbert was appointed as chief of police and Laird as a patrolman. They occupied these positions until December 31, 1949. In 1946 the ordinance was amended to fix definite salaries for these men. During the early part of 1950, these men served in the respective positions, although they had not been reappointed. On April 17, 1950, the borough council summarily dismissed them. The plaintiff, Herbert, was a member of council when the two ordinances were passed.

Plaintiffs now allege that their dismissal was contrary to the provisions of *R. S.* 40:47–5 and 6 which provides in effect that officers and men of a municipal police department shall

hold their respective positions during good behavior and shall not be removed except for just cause and then only after written charges have been preferred and upon public hearing. The provisions of this statute were concededly not complied with and plaintiffs were summarily dismissed.

Defendants, however, contend that the ordinance creating the police department is illegal and plaintiffs, at any rate, were not eligible to hold the offices because of age.

■ ■ I do not feel that the objections raised by the defendant have any merit at this time. Whether the appointments were invalid can have no relevancy here. The plaintiffs were at least *de facto* officers. It has been held that the provisions of *R. S.* 40:47–5 and 6 make no distinction between officers *de facto* and officers *de jure* and their protection extends to both classes. *Magner v. Yore,* 75 *N. J. L.* 198 (*Sup. Ct.* 1907); *Shibla v. Township Committee of Wall Township,* 136 *N. J. L.* 506 (*Sup. Ct.* 1948); affirmed, 137 *N. J. L.* 692 (*E. & A.* 1948). It has further been held that the officers' ineligibility at the time of appointment is not ground for removal. Ouster must be accomplished by the proper proceedings. *Shibla v. Township Committee of Wall Township, supra.*

■ The proceeding before me is in effect a proceeding in lieu of *certiorari.* My function at this time is to review the action of the borough council. I find from the evidence that the plaintiffs were summarily removed without the benefit of written charges or a hearing. Furthermore, the ouster for ineligibility would have to be accomplished by writ in lieu of prerogative writ (in the nature of *quo warranto*). The municipality can not discharge the officers without legal proceeding and force them to seek redress. The procedure in lieu of *quo warranto* was followed in the case of *State ex rel. Wm. Eckelmann, Inc., v. Jones,* 4 *N. J.* 207 (*Sup. Ct.* 1950).

The removal of these plaintiffs was accomplished in an illegal manner. Defendants' action is therefore set aside and plaintiffs will be restored to their positions as of the date of the illegal ouster, April 17, 1950.