JOHN J. GOFF, PLAINTIFF-APPELLANT, v. WALTER G. HUNT, DEFENDANT-RESPONDENT.

Argued February 19, 1951—Decided April 9, 1951.

*Mr. Jacob Fox* argued the cause for the appellant.

*Mr. Harold H. Fisher* argued the cause for the respondent; *Messrs. Shanley, Congleton & Fisher,* attorneys.

The opinion of the court was delivered by

OLIPHANT, J.   This is an appeal from a judgment in favor of the defendant-respondent entered in the Law Division, Essex County, dismissing the complaint in a proceeding in lieu of prerogative writ instituted to test the validity of the appointment of the respondent to the position of sergeant-at-arms in the Law Division of the Superior Court in Essex County.   The cause was certified here on our own motion.

On September 22, 1949, the Honorable Joseph L. Smith, Judge of the Law Division of the Superior Court, appointed the respondent, as of November 1, 1949, a sergeant-at-arms in the Law Division of the Superior Court in Essex County. The appointment was effective November 1, 1949, and called for an annual salary of $4,560.   Judge Smith was assigned at that time to the Law Division of the Superior Court in Essex County.

The appointment was made under the authority of *R. S.* 2:16–27 and on October 27, 1949, the county freeholders, pursuant to *R. S.* 2:16–31, approved the salary fixed by

Judge Smith, the respondent undertook his duties on November 1, 1949, and has since held the position.

*R. S.* 2:16–27 provides as follows:

"In each county of the first class the circuit court judges of the several circuit courts may appoint a sergeant at arms, who shall attend daily upon such courts in the county wherein appointed during the several terms thereof. Any such appointment may be revoked at any time by the appointing judge."

By *P. L.* 1948, *c.* 375, *section* 1(*e*) it is provided that where the reference is to the Circuit Court it shall be given the effect as though it were to the Law Division of the Superior Court or a judge of the Superior Court assigned to the Law Division thereof.

The trial court dismissed the complaint on the ground that the action was barred by *P. L.* 1948, *c.* 381, which provided that no proceeding in lieu of prerogative writs shall be brought, unless it shall be commenced within 30 days of the accrual of the right to such review. This statute was declared unconstitutional by this court in *Fischer v. Township of Bedminster*, 5 *N. J.* 535 (1950), so the judgment cannot be sustained on the ground stated by the trial court.

Before proceeding to the merits of the appeal, it is necessary to dispose of a procedural question raised *in limine* by the respondent. He contends that if the action is in the nature of a *quo warranto* it can only be brought in the Law Division after leave of court first obtained because no personal claim to the office in question is made by the appellant. Respondent further contends that the appellant is seeking to test the validity of the approval of the appointment by the Civil Service Commission and therefore should have proceeded by an appeal under *Rule* 3:81–8 to the Appellate Division or by a petition for a declaratory judgment filed with the Appellate Division under *Rule* 3:81–10 since the construction of a rule of the Civil Service Commission may be involved in the final disposition of the questions presented.

■ ■ The present action in lieu of a *quo warranto* was properly instituted under *Rule* 3:81–2. Where an informa-

tion does not attack the existence of an office but concedes it and attacks only the right of the defendant to hold the office, then the information may be filed without leave of the court. It is only when the existence of the office or position is attacked that leave of the court is required. A taxpayer and inhabitant of the city or county subject to its municipal government is interested in the due selection of its officers and he is entitled to interpose by information in the nature of *quo warranto* when such officers have been illegally selected. Such is the situation here. *Hann v. Bedell,* 67 *N. J. L.* 148, 150 (*Sup. Ct.* 1901); *Bumsted v. Henry,* 74 *N. J. L.* 790 (*E. & A.* 1907); *Bonynge v. Frank,* 89 *N. J. L.* 239, 242 (*E. & A.* 1916); *McGuire v. De Muro,* 98 *N. J. L.* 684 (*Sup. Ct.* 1923.)

With that we turn to the merits. The appellant argues that the office of sergeant-at-arms of the Law Division of the Superior Court for the County of Essex is in the classified civil service of the State because the provisions of *R. S.* 2:16–27 (*P. L.* 1906, *c.* 300) were subject to the provisions of the 1908 Civil Service Act and the several amendments and supplements thereto. He asserts that when in 1906 the office of sergeant-at-arms was created for first class counties the state had not yet entered into any system of civil service and the first civil service law was enacted two years later in 1908, (*P. L.* 1908, *c.* 156), and that under the Civil Service Act there are two basic groupings of all persons employed in the state service: those in the classified service and those in the unclassified service, and that the unclassified service includes only those positions which are placed there by specific provisions of the Legislature and that the statutory lists of posts in the unclassified service do not list the office of sergeant-at-arms for any of the courts. *R. S.* 11:4–4.

He argues that the 1906 Sergeant-at-Arms Act and the 1908 Civil Service Act on the question of tenure are inconsistent, and that under the decision of *Sullivan v. McOsker,* 84 *N. J. L.* 380, 385 (*E. & A.* 1912), the express provisions of

the Civil Service Act should prevail over all contrary provisions of pre-existing laws such as the 1906 act.

He further argues that *P. L.* 1912, *c.* 82, saved from repeal by *R. S.* 11:4–6, removes all doubt as to the supremacy of the civil service laws over *P. L.* 1906, *c.* 300 (*R. S.* 2:16–27). This particular statute provides that "every officer or employe of the Circuit Court * * * holding office or employment at the time of the introduction of this act, or who may hereafter be appointed, shall continue to hold their offices or employments, as the case may be, and shall not be removed therefrom, except in accordance with the provisions of the act to which this act is a supplement." The 1912 act was a. supplement to the general Civil Service Act of 1908.

██ But the argument made by the appellant ignores the fact that *P. L.* 1906, *c.* 300 was re-enacted as part of the revision of laws in 1937 as *R. S.* 2:16–27. The revision of 1937 is a wholly independent enactment superseding all general laws and the inclusion therein of a public statute law, of a general nature not theretofore in existence, is in full force and effect as part of the public statute law of this State and must be given effect as such. *Duke Power Co. v. Somerset County Board of Taxation,* 125 *N. J. L.* 431 (*E. & A.* 1940). It has also been held many times that implied repealers are not favored in the law and that the requisite intent will not arise by implication unless the subsequent statute is plainly repugnant to the former and is designed to be a complete substitute for the former. *Hartman, etc. v. Board of Chosen Freeholders,* 127 *N. J. L.* 170 (*Sup. Ct.* 1941). See also *State Board of Medical Examiners v. Coleman,* 132 *N. J. L.* 64, 67 (*Sup. Ct.* 1944); *Kaufman v. Samuelson,* 134 *N. J. L.* 573, 576 (*Sup. Ct.* 1946).

██ The statutory provisions we have mentioned are all *in pari materia* and we must gather the intention and the sense of the law from its object, the nature of the subject matter, and the whole of the context. The parts of a statute are to be viewed in relation to the whole and the motive which led to the making of the law, and reconciled if possible.

*Hackensack Water Co. v. Ruta, et al.*, 3 *N. J.* 139, 147 (1949). Where there is a seeming conflict between a general statute and a specific statute covering a subject in a more minute and definite way, the latter shall prevail over the former and will be considered an exception to the general statute. *Ackley v. Norcross, et al.*, 122 *N. J. L.* 569 (*Sup. Ct.* 1939), affirmed 124 *N. J. L.* 133 (*E. & A.* 1940); *Hackensack Water Co. v. Division of Tax Appeals*, 2 *N. J.* 157, 165 (1949). There are no express conditions of repeal of the 1906 act to be found in the provisions of the general Civil Service Act as re-enacted in the revision of 1937 and we will not read into it an implied repeal of the 1906 act, since it is the familiar legal doctrine that the inferential repeal of a statute is a pure question of intention and every reasonable intent will be made against such result. *Ruckman v. Ransom*, 35 *N. J. L.* 565 (*E. & A.* 1871).

█ It is our conclusion that the Legislature did not consider these statutes repugnant and by re-enacting *P. L.* 1906, *c.* 300, as *R. S.* 2:16–27 of the Revised Statutes of New Jersey (1937) clearly intended and indicated the position of sergeant-at-arms here in question was not subject to or controlled by the provisions of the general Civil Service Act. For reasons which the Legislature deemed sufficient it provided for such appointment by this specific provision and we cannot look behind the language of the section to seek out or take cognizance of arguments questioning the wisdom of such legislative action.

This conclusion is buttressed by the fact that the Legislature by chapter 140 of the Laws of 1950 expressly terminated the authority vested in the judges of the Law Division of the Superior Court to appoint sergeants-at-arms under the provisions of *R. S.* 2:16–27, and provided for a new method of appointment. This is clear indication of the fact that in the mind of the Legislature, the position was in the unclassified service of the Civil Service Act.

█ The appellant makes the further argument that *R. S.* 2:16–27 is unconstitutional and in violation of Article

VII, Section I, paragraph 2 of the Constitution of 1947. For this argument to have weight the constitutional provision must be construed retroactively. A constitutional provision should be given a prospective construction only, unless an intention to make it retrospective is clearly revealed in the provision itself, and we find no such intention expressed in the provision in question. *Washington National Ins. Co. v. Board of Review*, 1 *N. J.* 545, 550 (1949).

We consider the other points raised by the appellant immaterial to the question here decided, that the appointment of the respondent was validly made pursuant to *R. S.* 2:16–27 for the reasons stated.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—Justice HEHER—1.