39 N.J. Super. 423 (1956)
121 A.2d 402
NEW JERSEY STATE LODGE-FRATERNAL ORDER OF POLICE, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
E. GEORGE AARON, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE CITY OF CAMDEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1956.
Decided March 9, 1956.
*425 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Frank E. Vittori argued the cause for plaintiff-appellant (Mr. John Henry Reiners, Jr., attorney).
Mr. Norman Heine argued the cause for defendant-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
By ordinance adopted March 13, 1952 the City of Camden established a police department including 30 officerships of the rank of sergeant. In 1954 Camden was a municipality operating under the civil service statutes (R.S. 11:19-1 et seq.) insofar as regulations for the promotion of police personnel were concerned. On May 28, 1954 there existed a civil service list due to expire that day containing the names of eight persons in the police department eligible for promotion to sergeant. Notwithstanding that 30 sergeants of police were then in office the defendant Aaron, Director of the Department of Public Safety of Camden, on that day appointed the eight eligibles, who are named as *426 defendants in the amended complaint herein, to the office of sergeant. On June 24, 1954 the governing body of Camden adopted an amendatory ordinance increasing the number of officerships of the rank of sergeant in the police department from 30 to 38.
The plaintiff corporation, reciting that it is incorporated under the laws of New Jersey, with its principal place of business in the City of Camden, and that it is a member of a "national police organization" and consists of "a state-wide federation composed of local lodges, branches or chapters," one of which is its Camden Lodge No. 1, filed a complaint and amended complaint challenging the validity of the appointments mentioned. The complaint charges that the appointments are "patently unlawful" and "a mere subterfuge to grant preferential treatment to those appointed," in violation of the ordinance and civil service statutes. It was represented to the court on the argument that between one-third and one-half of the Camden police force are members of the plaintiff's Camden Lodge. Twenty-four individuals were added as parties plaintiff by the amended complaint but they subsequently voluntarily withdrew from the action.
The Law Division granted summary judgment in favor of defendant, the only specific ground indicated being that the plaintiff is without interest or standing to demand the relief sued for.
No serious pretense of defending the substantive validity of the appointments here in question is offered on behalf of defendants. See Keegan v. City of Bayonne, 81 N.J.L. 120 (Sup. Ct. 1911). The contentions are advanced, however, (1) that the eight appointees are in possession of their offices either de jure or de facto and entitled to the protection of the police tenure of office act; (2) this action is not to be considered as being in lieu of the prerogative writ of quo warranto and that kind of proceeding is the exclusive remedy for the complaint advanced; (3) plaintiff has no status to maintain the action; and (4) limitations by Rule of Court. We consider these points in the order stated.
*427 The first point made has no merit since the tenure statute relied upon, N.J.S.A. 40:47-6, is applicable only to prevent administrative removal of a policeman without hearing or for other than statutory cause, not to obviate a legal proceeding to test the validity of the proceedings by which the officer holds, or the legal subsistence of his office, as here. Cf. Herbert v. Burkhardt, 12 N.J. Super. 273 (Law Div. 1951).
The second objection is based on the circumstance that the demand for judgment in the complaint requests "judgment setting aside said appointments." The suggestion is that this sounds in the former writ of certiorari rather than in quo warranto, lacking as it does a prayer for ouster, and that a proceeding in lieu of quo warranto is the only appropriate remedy for challenging the right to hold a public office. It is, however, implicit in the complaint that plaintiff seeks the removal from office of those who it asserts hold illegally. One of the main purposes of the substitution by the Constitution of 1947 of a single proceeding in lieu of prerogative writs for the several prerogative writs formerly issuable out of or cognizable by the former Supreme Court, including quo warranto, to be had as of right and governed by rules of the new Supreme Court, Constitution, Article VI, Section V, paragraph 4, was to prevent the waste of time and effort and miscarriage of justice often attendant under the old practice upon an application for or an allowance of the wrong writ. Ward v. Keenan, 3 N.J. 298, 303, 304 (1949). See IV Proceedings, Constitutional Convention of 1947, pp. 622-624, II, id., pp. 1189, 1190. If, as here, a complaint, fairly read, intelligibly raises the issue of the legality of an appointment to office and of the consequent right of the defendant incumbent to hold, it will found a judgment of removal of the defendant if the plaintiff prevails on the merits. It will not be assumed that plaintiff intends to fragmentize the litigated controversy. See Ajamian v. Schlanger, 14 N.J. 483 (1954). Defendant's criticism of the sufficiency of the complaint is without merit.
*428 The third argument made by defendants is that plaintiff is not a taxpayer or otherwise possessed of status to maintain this action. We agree with defendants that plaintiff may not justify its status upon the basis of R.S. 11:25-4, as amended by L. 1953, c. 11. This enactment purports to grant "a citizen of this State" a "summary review" by a "proceeding in lieu of prerogative writ" in cases of "designation of any employee for appointment" in contravention of the civil service statute. Police sergeants are officers, not employees, and this provision has for that reason been held not applicable where the complaint, as here, concerns illegality in the promotion of police patrolmen to the rank of sergeant. Duncan v. Board, etc., of Paterson, 131 N.J.L. 443 (Sup. Ct. 1944). Too, the complaint does not in essence go to any violation of the civil service statutes, but, rather, to the illegality inherent in the appointment of persons to a public office not in existence at the time of the appointment. Moreover, the act, as amended in 1953, appears to be abortive because of its reference to a "summary review" by a "proceeding in lieu of prerogative writ." This is a contradiction in terms, as a proceeding in lieu of prerogative writs is a plenary proceeding governed by R.R. 4:88, whereas summary statutory proceedings, generally, are regulated by R.R. 4:85. The statute is, finally, of dubious constitutionality, in view of the exclusive control by the Supreme Court of procedure in lieu of prerogative writs. Fischer v. Township of Bedminster, 5 N.J. 534 (1950).
Plaintiff's alternative position is that a citizen may challenge an illegal action by public officials of the kind here involved without showing that it is a taxpayer. Preliminarily, it seems clear that plaintiff's corporate identity does not preclude its status as a complainant against acts of official illegality. Paterson Chronicle Co. v. City of Paterson, 66 N.J.L. 129 (Sup. Ct. 1901); 18 McQuillin, Municipal Corporations (3d ed. 1950), § 52.12, p. 32; cf. Hudson Bergen, etc., Ass'n v. Board of Comm'rs of City of Hoboken, 135 N.J.L. 502, 510 (E. & A. 1947); Schnitzer, Civil Practice and Procedure, 9 Rutgers L. Rev. 307, 317 (1955). *429 There is much in logic and sound policy that conduces to the proposition that substantial departures from the legalities by public bodies or officials in matters of general public concern ought to be remediable through an action brought by a citizen whether or not he is a taxpayer. See Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 475, 476 (1952), certiorari denied Burlington County Bridge Commission v. Driscoll, 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652 (1952), rehearing denied Nongard v. Driscoll, 344 U.S. 888, 73 S.Ct. 181, 97 L.Ed. 687 (1952); Haines v. Burlington County Bridge Commission, 1 N.J. Super. 163, 170-173 (App. Div. 1949); Wilson v. Commissioners of Jersey City, 107 A. 797, 798 (Sup. Ct. 1919), reversed on another ground 94 N.J.L. 119 (E. & A. 1920); Smith v. Baker, 73 N.J.L. 328 (Sup. Ct. 1906), affirmed 74 N.J.L. 591 (E. & A. 1906); State v. Wrightson, 56 N.J.L. 126 (Sup. Ct. 1893); cf. Stroud v. Consumers' Water Co., 56 N.J.L. 422, 431 (Sup. Ct. 1894). We are controlled, however, by the apparent approval by the Supreme Court in Goff v. Hunt, 6 N.J. 600, 605 (1951) of the holding in McGuire v. De Muro, 98 N.J.L. 684 (Sup. Ct. 1923), that one complaining of the illegal appointment of an officer by proceedings in the nature of quo warranto who is not himself a claimant of the office must be a taxpayer as well as a citizen or inhabitant. Status such as would have founded one of the former types of prerogative writ proceeding remains a prerequisite for the bringing of an action in lieu of prerogative writs of corresponding function today. Musicians' Protective Union, etc. v. Jersey City, 4 N.J. Super. 147, 150 (App. Div. 1949); Bridgewater, Twp. of, v. Borough of Raritan, 3 N.J. Super. 194 (App. Div. 1949); see Goff v. Hunt, supra. We point out, parenthetically, that we have not considered the question which is suggested to us by Goff v. Hunt, supra (6 N.J., at page 605), as to whether leave of court was required for the bringing of the present proceeding, as it has not been raised by defendants. See Bonynge v. Frank, 89 N.J.L. 239, 244 (E. & A. 1916). Query, whether the former statutory requirement of leave of court for the filing of an information *430 in the nature of a quo warranto, R.S. 2:84-1, has not, pursuant to the constitutional provision for proceedings in lieu of prerogative writs "as of right," Constitution of 1947, supra, been expressly eliminated by N.J.S. 2A:66-6?
Plaintiff does not allege in the amended complaint that it is a taxpayer of the City of Camden and it is conceded on its behalf that it is not in fact. We therefore have no choice but to hold that it has no status. In view of this we have no occasion to consider the question of limitations raised by defendant.
Affirmed.