44 N.J. Super. 271 (1957)
130 A.2d 87
LEON RAFF, PLAINTIFF,
v.
STEPHEN SESNICK, CHAIRMAN, FAIR LAWN RENT CONTROL BOARD, THE BOROUGH OF FAIR LAWN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 15, 1957.
Mr. Jack Ballan, for the plaintiff.
Mr. Arthur Minuskin, for the defendant
BROADHURST, J.S.C.
This matter is before this court on the complaint, in lieu of prerogative writs, of Leon Raff, a resident, property owner and taxpayer of the Borough of *272 Fair Lawn. The defendants are Stephen Sesnick, "Chairman of the Fair Lawn Rent Control Board" and the Borough of Fair Lawn.
On June 26, 1956, the Borough Council of Fair Lawn passed Ordinance No. 664. The short title of this ordinance is "Fair Lawn Rent Control Ordinance of 1956." Section 3 of that ordinance created a "Fair Lawn Rent Control Commission" of five members and provided that "each be appointed * * * by the Mayor." Pursuant to that ordinance, the mayor on or about August 14, 1956 appointed the defendant, Stephen Sesnick, chairman of said commission and thereafter he performed the duties of said office.
The Borough of Fair Lawn was and still is governed by "the municipal manager form of government law" (N.J.S.A. 40:79-1 et seq.).
The plaintiff complains that such part of section 3 of Ordinance No. 664 which gives the mayor the appointing power is invalid and the said appointment made by said mayor was therefore invalid. The invalidity is claimed to be due to the fact that it is contrary to the letter and spirit of "the municipal manager form of government law."
An examination of said statute indicates that the powers and duties of the mayor are set forth in N.J.S.A. 40:81-8, and said section specifically provides:
"The powers and duties of the mayor shall be only such as are expressly conferred upon him by this subtitle."
The only appointing power he has under this subtitle is:
"He shall fill vacancies occurring in the trustees of the public library."
N.J.S.A. 40:82-4 sets forth the duties of the municipal manager as follows:
"d. Appoint and remove all department heads and all other officers, subordinates, and assistants for whose selection or removal no other method is provided in this subtitle, supervise and control his appointees, and report all appointments or removals at the next meeting thereafter of the municipal council."
*273 The said act further provides (N.J.S.A. 40:82-5) that:
"In any act or ordinance a provision conferring the power of appointment * * * upon the mayor * * * shall be construed as meaning the municipal manager in a municipality governed under this subtitle * * * except that members of the board of education and of the trustees of the public library * * * shall be appointed under this subtitle by the mayor."
Reading the above sections together makes it clear that such part of section 3 of Ordinance No. 664 which empowers the mayor to appoint the members of the commission is invalid because of its conflict with the municipal manager form of government law, and therefore the mayor's appointment of the defendant, Stephen Sesnick, was invalid.
It is contended that the plaintiff is not entitled to relief because (a) there was no fraud intended; (b) there is no actual or impending harm to any one; (c) it is not claimed there was any improper political motivations; and (d) the citizens of Fair Lawn will not sustain any financial loss.
Granting that all of these claims are in fact true, they beg the question of whether the plaintiff has the right to maintain this action and obtain the relief he seeks. A taxpayer and inhabitant of a borough, subject to its municipal government, is interested in the due selection of its officers and he is entitled to interpose in a proceeding such as this, when such officers have been illegally selected. Goff v. Hunt, 6 N.J. 600, 605 (1951).
Judgment is entered in favor of the plaintiff and against the defendants.