**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1552-18T1

M.R.,

     Appellant,

v.

D.H.,

     Defendant-Respondent.

_____

     Submitted October 2, 2019 – Decided January 6, 2020

     Before Judges Fasciale and Mitterhoff.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FD-11-0088-78.

     Eric M. Arnovitz, attorney for appellant Middlesex County Board of Social Services.

     Steven M. Cytryn, attorney for respondent.

PER CURIAM

     Plaintiff, the Middlesex County Board of Social Services (MCBSS), appeals from a November 1, 2018 order vacating MCBSS's 1991 child-support

judgment against defendant D.H.  Judge Brian McLaughlin determined that enforcement of the judgment was time-barred by the twenty-year statute of limitations set forth in N.J.S.A. 2A:14-5.  The judge also found that enforcement of the judgment would be inequitable given MCBSS's failure to take any action to enforce or revive the judgment for over twenty-seven years.  We affirm, substantially for the reasons set forth in Judge McLaughlin's written statement of reasons, adding the following brief remarks.

We discern the following facts from the record.  Defendant and M.R. were never married but had two children.  Both children are now in their forties.  M.R. passed away on June 17, 1989.[1]  On June 18, 1991, two years after M.R.'s death, plaintiff obtained a judgment against defendant for $15,170, allegedly for public assistance provided to defendant's children when they were minors.[2]  Twenty-seven years after the entry of judgment, defendant settled a claim for personal injuries against Best Buy.  After defendant's personal injury attorney

---

[1]  Samuel Peterson, who the court appointed as the administrator of M.R.'s estate, passed away in or about 2001.

[2]  There is nothing in the record to establish whether the judgment was for "public assistance" for defendant's children or for unpaid child support; therefore, it is not clear whether defendant owed these funds to the State or to M.R.  We note that the judgment search on the judiciary website lists plaintiff as the creditor and identifies the debt as "probation child support."

2

requested a child support judgment search as required by N.J.S.A. 2A:17-56.23b(b)(2), the attorney was advised of the outstanding 1991 judgment. After plaintiff indicated it would not execute a warrant to satisfy judgment unless payment was received in full, defendant filed the within action seeking to vacate the judgment as time-barred, and on the grounds that enforcement would be inequitable given plaintiff's failure to take any action either to enforce the judgment or revive it in the intervening twenty-seven years.

By order and written opinion dated October 18, 2018, Judge McLaughlin granted defendant's application and vacated the 1991 judgment. The judge found that although child support judgments may be prioritized over other judgments under N.J.S.A. 2A:17-56.23b, "the statute, by its own terms, did not carve out an exception to the limitations period . . . set forth in N.J.S.A. 2A:14-5." Citing our Supreme Court's decision in Goff v. Hunt, 6 N.J. 600, 607 (1951), the judge reasoned that "specific statutory construction will prevail over a general provision with which it is in potential conflict." The judge also found that equity favored granting the relief requested by defendant, explaining that "the child support obligee has been dead for nearly 30 years, the children have long since been emancipated, and plaintiff . . . neither took prior steps to enforce

3

the judgment, nor [sought] to revive the judgment prior to its expiration by instituting a proceeding under N.J.S.A. 2A:14-5."

This appeal ensued.  On appeal, plaintiff presents the following argument for our review:

> POINT I
>
> THE JUDGMENT AGAINST RESPONDENT SHOULD NOT BE VACATED.
>
> A.  The Legislature Intended To Exclude Child Support Judgments from the [Twenty]-year Limitations On Actions.
>
> B.  The Legislature Was Aware Of The Provisions Of N.J.S.A. 2A:17-56.23b.
>
> C.  The Vacating Of The Judgment Is Against Public Policy.
>
> D.  Child Support Judgments Are Also Given Special Status Under Federal Law.

The resolution of this appeal turns on the statutory interpretation of two statutes:  N.J.S.A. 34:11-56a25.2, which establishes the priority of child support judgments as a lien against the net proceeds of a verdict or settlement, and N.J.S.A. 2A:14-5, which establishes a twenty-year statute of limitations for the enforcement of judgments.  We review issues of statutory construction de novo. Cashin v. Bello, 223 N.J. 328, 335 (2015).  A principle tenet of statutory

4

interpretation is that the court aims to "ascertain and effectuate the Legislature's intent." Ibid. "To do that, we look first to the statute's actual language and ascribe to its words their ordinary meaning." Kean Fed'n of Teachers v. Morell, 233 N.J. 566, 583 (2018) (citation omitted). Where a statute's legislative intent "is clear on its face, the court need not look beyond the statutory terms to determine the legislative intent." Johnson Mach. Co. v. Manville Sales Corp., 248 N.J. Super. 285, 304 (App. Div. 1991) (quoting State v. Churchdale Leasing, Inc., 115 N.J. 83, 101 (1989)).

N.J.S.A. 2A:17-56.23b(b)(2) imposes a duty upon attorneys, insurance companies and other agents to request a child support judgment search prior to distributing the proceeds of any lawsuit, civil judgment, civil arbitration award, inheritance or workers' compensation award. If the search reveals a child support judgment, the statute dictates that the judgment is a lien against the net proceeds of any settlement or other recovery. N.J.S.A. 2A:17-56.23b(a). The statute further provides that the lien shall stay the distribution of the net proceeds to the prevailing party or beneficiary until the child support judgment is satisfied in full. Ibid.

As Judge McLaughlin noted, however, the statute does not, explicitly or implicitly, create an exception for child support judgments from N.J.S.A. 2A:14-

5, the limitations law generally applicable to all judgments. To the contrary, N.J.S.A. 2A:17-56.23a expressly states that child support judgments, "once docketed with the Clerk of the Superior Court, shall have the same force and effect, be enforced in the same manner and be subject to the same priorities as a civil money judgment entered by the court." The plain language of the statute clearly demonstrates that the legislature intended child-support judgments to have equal, but not superior, status vis a vis all other civil judgments. See Johnson Mach. Co., 248 N.J. Super. at 304.

Equally clear is the language of N.J.S.A. 2A:14-5, which provides that "[a] judgment in any court of record in this state may be revived by proper proceedings or an action at law may be commenced thereon within [twenty] years next after the date thereof, but not thereafter." Here, plaintiff failed to take any action to enforce or revive the judgment in the twenty-seven intervening years between entry of the judgment and its learning of the Best Buy settlement. Therefore, plaintiff's belated attempt to seek enforcement of the expired judgment is unquestionably time-barred.

To the extent we have not specifically addressed any remaining arguments raised by the parties, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

6

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1552-18T1