STATE, EX REL. ALFRED HUGG, v. CITY COUNCIL OF
CAMDEN.

1. Where a city charter (*Laws*, 1871, *p.* 245, ? 64,) enacts that it shall and may be lawful for the city council to sell lands of delinquents for the collection of taxes, such words are mandatory, not discretionary; the power to sell must be exercised.

2. Section 70 of the charter of Camden, which enacts that the council, on or before the 1st day of March in each and every year, shall direct and authorize the city solicitor to proceed and sell lands for taxes, is so far directory in fixing the time that valid sales may be made afterwards, yet the statute should be obeyed and the duty performed at the time specified.

3. If the council delay or refuse to order the sale, a *mandamus* will be ordered on the relation of the city solicitor, who is a citizen and taxpayer.

4. The court, in their discretion, may order an alternative *mandamus* on making a rule to show cause absolute. A peremptory *mandamus* is allowed in the first instance only when the legal right is clear, where the facts are not in dispute, and the matter is of public and urgent interest.

On rule to show cause why a *mandamus* should not issue, requiring the city council to direct and authorize the city solicitor to proceed and sell, according to law, the lands of delinquents, to enforce the payment of taxes which may be a lien thereon, by virtue of the charter, for the year 1875.

Argued at June Term, 1877, before Justices SCUDDER, DIXON and REED.

For the relator, *R. S. Jenkins*.

For the defendants, *S. H. Grey*.

The opinion of the court was delivered by

SCUDDER, J. Section 64 of the charter of the city of Camden (*Laws*, 1871, *p.* 242,) directs that the taxes and assessments made upon real estate in said city, by virtue of that act, whether the same be for state, county, city or school tax, shall be and remain a lien thereon for the space of five years from and after the time when the same shall be assessed ; and that if the full amount shall not be paid and satisfied within the time limited and appointed for the payment thereof, "it shall and may be lawful" for the city council to cause the lands, tenements and real estate, or such part thereof as they may think proper, to be sold at public auction, &c.

This section is a re-enactment of Section 28 of the former charter. *Laws*, 1850, *p.* 224.

Section 70, in the charter of 1871, (*Laws, p.* 245,) is new, and enacts that on or before the 1st day of March, in each and every year, the city council *shall* direct and authorize the city solicitor to proceed and sell, according to law, all lands, tenements and real estate, to enforce the payment of any taxes or assessments which may be a lien thereon by virtue of that act.

It appears, by the case made upon affidavits, and certified copies of the minutes of council, that there are large arrearages of such taxes for several years, including the year 1875 ; and that on August 10th, 1876, a resolution was offered to

advertise certain lots of land and premises, situated in the city of Camden, for taxes for the year 1875, which, on motion, was laid over for the present.

The minutes show that since that time no further action in this particular has been taken by the council. The allowance of this writ of *mandamus* is asked to stir them up to a performance of this duty. It is claimed, on behalf of the council, that they have a discretion in the collection of these taxes against lands, and may grant indulgence to delinquent taxpayers, by extending the time of payment, to meet the hardship, in some cases, of a strict enforcement of the law. The authority for this is sought in the words of Section 64 of the charter—that it shall and may be lawful for the city council to cause the lands, or so much thereof as they may think proper, to be sold at public auction. But these words " it shall and may be lawful," in this statute, are mandatory, not directory and discretionary. The power conferred by them must be exercised. It is the settled construction, that where a public or municipal corporation, or body, is invested with power to do an act which the public interests require to be done, and has the means for its complete performance placed at its disposal, not only the execution, but the proper execution of the power may be insisted on as a duty, though the statute conferring it be only permissive in terms. *State* v. *Newark*, 4 *Dutcher* 491 ; *Seiple* v. *Elizabeth*, 3 *Dutcher* 407 ; *Mason* v. *Fearson*, 9 *How.* 259 ; *Dillon on Mun. Corp*, §§ 62, 669 ; *Rex* v. *Hastings*, 1 *Dow. & Ry.* 148 ; *Rex* v. *Havering*, 5 *B. & A.* 691.

It is almost needless to add that one of the most important of the functions of municipal officers is the assessment and collection of taxes for public expenses. When, therefore, it is said, as in Section 52 of this charter, that the city council shall have the power, by ordinance, to order the raising, and cause to be raised by tax, in each year, such sum or sums of money as they shall deem expedient for certain purposes, the language used means that they must exercise this power, and the terms are mandatory, not discretionary.

But it is said that if this be conceded, there is no limitation of time for its exercise; that Section 70, which enacts that the council, on or before the 1st day of March in each and every year, shall direct and authorize the city solicitor to proceed and sell lands, is merely directory as to the time. If it be intended by this statement that the statute is so far directory in fixing the time for this action by the city council, that if it be performed afterwards, acts done under it will be valid, it is undoubtedly true, for where a statute directs a person, in the discharge of a public duty, to do a thing at a certain time, without any negative words restraining him from doing it afterwards, or any expression from which such intent can be gathered, the naming of the time is but directory, and not a limitation of authority. While, therefore, the duty enjoined may be performed at a time subsequent to that named in the statute, and the action be valid, because the time is not of the essence of the act required to be done, and is not a condition precedent to its validity, yet the statute should be obeyed, and the duty performed at the time specified. *Potter's Dwar. on Stat.* 221, *and note.*

The manner, form and time of the performance of acts by public officers, enjoined by statute, regarding the rights and interests of others, may not be essential, but they are not matters of indifference, left to the discretion or caprice of such officers. The command of the law and the corresponding duty remain, and, in the absence of other redress by ordinary proceedings at law, the extraordinary remedy by *mandamus* may be used, if these requirements be disregarded. This remedy is asked in this case on the relation of the city solicitor, who is also a citizen and tax-payer in Camden. He claims that he has duties to perform, consequent upon the action of the common council, in enforcing the collection of these taxes on lands, and that he has some benefits and emoluments, outside of his regular salary, depending upon these proceedings.

He has, however, no duty to perform in the premises until the order to sell is given by council, for which he can in any

way be held responsible. His appointment is by council, and he acts for the public in this matter by their direction. Neither is it clear, from the evidence, that he has any legal fees in the sale of lands for taxes beyond the amount of his salary. If, as is testified in the affidavits, other attorneys of the city have claimed and received large sums for such services, in the absence of any ordinance, resolution or proper allowance for them, they cannot be asserted as a legal right.

But it is not necessary that he should show such interest as a public officer, to prosecute this writ. He is not a mere volunteer, interfering in a public or private matter. He has the right, as a citizen and tax-payer in the city of Camden, to be the relator in a *mandamus* when seeking the enforcement of a duty by the common council of the city, which is a public right, affecting the whole community, and also his interest as such tax-payer. *People* v. *Halsey*, 37 *N. Y.* 344.

Wherever there is a clear legal right in the relator, and a corresponding duty for the defendants, and the want of any other adequate and specific remedy, a writ of *mandamus* is his appropriate remedy. *State* v. *Jacobus*, 2 *Dutcher* 135; *State* v. *Newark*, 6 *Vroom* 396; *Commonwealth* v. *Pittsburg*, 34 *Penn. St.* 496; *People* v. *Collins*, 19 *Wend.* 56; *Moses on Mandamus* 194; *High on Ex. Rem.*, § 137, &c.

The application is for a peremptory *mandamus* in the first instance, but this is only allowed where the legal right is clear—where there are no facts in dispute, and the matter is of public and urgent interest. If there is a rule to show cause, as in this case, the court, in making the rule absolute, may direct an alternative *mandamus* to issue, in their discretion. *High on Ex. Rem.*, §§ 500, 504, 529.

In this case the affidavits are not full, and the city council may have acted under a misapprehension of their rights and duties. The writ should, therefore, be in the alternative, to enable the council to fulfil the duty required, if they shall think fit, or to present the case more fully and formally to the court.

The rule to show cause will be made absolute, and an alternative *mandamus* ordered.