WILLARD H. SIMMONS, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF WENONAH, RESPONDENTS.

Decided September 20, 1928.

For the prosecutor, *Lynwood Lord.*

For the respondents, *Oscar B. Redrow.*

The opinion of the court was delivered by

KATZENBACH, J. This matter is presented upon a rule to show cause why a writ of *certiorari* should not be granted to remove to this court an award of the borough of Wenonah of a contract to the Seagraves Corporation of America for supplying a fire truck and miscellaneous fire equipment. The prosecutor was connected with a company which was an unsuccessful bidder. He relies for a standing in this court upon the sole contention that he is a taxpayer of the borough of Wenonah. The borough denies that he is a taxpayer, and further, contends that the award made to the Seagraves Corporation of America was proper. The testimony taken under the rule discloses that the prosecutor is a resident of the borough of Wenonah. He took up his residence in that borough about May 1st, 1928. He owns no real estate but testified that he owned the personal property in the dwelling occupied by him. The date for assessment of property for taxes is October 1st, 1928. The prosecutor therefore has paid no taxes. He has been assessed for no taxes. If he removed from the borough prior to the assessment date it is doubtful if any claim for taxes could be made against him. A taxpayer is one who pays taxes. As the prosecutor has paid no taxes he is not, in my opinion, a taxpayer, and therefore has no standing in this court as a taxpayer to review the proceedings of which he complains. In the case of *Jersey Central Power and Light Co.* v. *Borough of Spring Lake*, 6 N. J. *Mis. R.* 253 (not officially reported), this court said:

"The respondents question the standing of the prosecutor to apply for a writ because the prosecutor is not the lowest bidder, and the record does not show the prosecutor to be a taxpayer. We think this point well taken. In *Critchfield* v. *Mayor of Jersey City*, 4 N. J. *Mis. R.* 299, this court said:

" 'Upon wholly technical grounds, most of them unworthy of consideration, the prosecutor, as an unsuccessful bidder, seeks to deprive the municipality of an obviously advantageous contract. He himself on his own showing could not obtain the award and is not a party in interest. In this situation

he will not be heard to prevent the making of the contract and a completion of the city's work.'

"The cases of *West Jersey Traction Co.* v. *Camden,* 58 *N. J. L.* 362, and *Atlantic Gas and Water Co.* v. *Atlantic City,* 73 *Id.* 360, are to the same effect.

"The writ of *certiorari* is a discretionary writ. Proceedings to review municipal actions are not personal actions on which a prosecutor may on sharp grounds insist upon a personal right."

For the reason that the prosecutor has failed to show that he is a taxpayer the rule to show cause heretofore allowed should be discharged.

I have, however, read the testimony submitted under the rule. It presents the usual questions which confront a municipality in the selection of fire apparatus. As we pointed out in the case of *Hahn Motor Truck Corp.* v. *Atlantic City,* 6 *N. J. Mis. R.* 234 (not as yet officially reported), it is impossible for a municipality to draft specifications for fire apparatus which would apply to all fire apparatus for the reason that each manufacturer makes his apparatus as a rule under patents or designs different from those of other manufacturers. It is these differences which support the claims of the superiority of apparatus made by each manufacturer over that manufactured by his competitors. A municipality has discretion, within proper limits, as to the apparatus which it will purchase. I find nothing in the testimony taken in the present case to show that the matter was not given fair and intelligent consideration by the members of the borough council. They decided to purchase the apparatus from the Seagraves Corporation of America. This I think they had a right to do, especially in view of the fact that the statute requiring competitive bidding has been held not to apply to the purchase of fire apparatus by a municipality. *Hahn Motor Truck Corp.* v. *Atlantic City, supra.*

The rule to show cause is discharged, with costs.