37 N.J. Super. 542 (1955)
117 A.2d 634
PAUL ASH, EVA L. ASH, AND PHOTO PROCESS COPY CO., A CORPORATION OF NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
DAVID FRAZEE, JR., AND GERTRUDE V. FRAZEE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1955.
Decided October 28, 1955.
*544 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Clarkson S. Fisher argued the cause for appellants (Mr. Edward F. Juska, attorney).
Mr. John J. Gibbons argued the cause for respondents (Messrs. Crummy, Consodine, Gibbons & O'Neill, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiffs appeal from a summary judgment entered by the Law Division without costs in favor of defendants. The judgment must be affirmed.
The original complaint contained a single count for relief. Venue was improperly laid in Monmouth County and the Newark premises involved incorrectly designated. Defendants moved for summary judgment and, in the alternative, for change of venue. By their answering affidavit plaintiffs admitted error in the complaint and orally sought leave to amend it to correct the address. Such leave was granted, as was the motion for change of venue; summary judgment was denied. Subsequently, plaintiffs served an amended complaint not only changing the address, but also adding *545 an additional count. Defendants' motion for summary judgment was addressed to this complaint.
We need not consider the first count which is based upon plaintiffs' lawful use and occupancy of the premises under an agreement with defendants. This allegation is demonstrably false because plaintiffs' own affidavit shows there was no such agreement with defendants, but rather that the corporate plaintiff had an informal arrangement with Shaw Blue Print Machine Co., Inc., the only lawful tenant, holding under a ten-year lease given by defendants, and a company known as Acme Reproduction and Drafting Supply Inc. It is not denied that the lease forbids any sublease or assignment. Plaintiffs therefore are either tenants at will or by sufferance, or merely trespassers, and have been denied access to the premises by the trustee of the Shaw company appointed August 30, 1954 by the United States District Court in corporate reorganization proceedings involving Shaw. It is unnecessary to deal further with the first count; if plaintiffs have any valid cause of action, defendants' affidavits demonstrate that they are proceeding against persons not responsible for the alleged harm.
We proceed to analyze the second count of the complaint based upon malicious interference with plaintiffs' business. It first alleges that plaintiffs have been carrying on a gainful photo-reproduction business at the premises in question since November 15, 1952, during which time they lawfully used and occupied the premises. The complaint then states that on or about August 23, 1954 defendants "with intent to injure the plaintiffs in their business and deprive them of the passive [sic] enjoyment thereof and of the profits and advantages to be gained thereby, knowingly, willfully, unlawfully and maliciously interfered with the plaintiffs' business to such an extent that it came to an end and have since that date prevented the plaintiffs from making the profits which they would have received by the operation of their business."
If, by this all-inclusive statement, plaintiffs mean to say that interference with their business was the result of *546 their inability to enter the premises, then the count must fall since their inability to do so was occasioned by the act of some one other than defendants, viz., the trustee in federal reorganization proceedings, so that plaintiffs have manifestly shown no right to continue to occupy the premises. A second construction of the allegation, and the one now urged by plaintiffs, is that the count sets up a distinct new cause of action apart from their inability to enter the premises.
Considering the second count in that light, defendants were entitled to summary judgment. Not only did plaintiffs bring in a new cause of action, completely contrary to the leave to amend which they sought, but they have failed to state a cause for malicious interference properly. All that the above-quoted allegation states is that defendants, on or about August 23, 1954, committed a tort by virtue of their malicious interference with plaintiffs' business. Other than the date, there is not a single fact alleged. The offense claimed as a basis of action is stated merely as a legal conclusion. R.R. 4:8-1 requires that a pleading which sets forth a claim for relief shall contain "a statement of the facts on which the claim is based showing that the pleader is entitled to relief, * * *." Our courts have observed that liberal as our new rules are for the promotion of substantial justice, they still require that a defendant be fairly apprised of the claim he is called upon to meet. Brown v. Brown, 2 N.J. 252, 255 (1949); Anderson v. Modica, 4 N.J. 383, 392 (1950). Contrast Louis Kamm, Inc., v. Flink, 113 N.J.L. 582 (E. & A. 1934), where the complaint stated with preciseness the factual nature of the alleged wrong and the harm caused thereby. The complaint is clearly defective in that it fails to allege the facts upon which plaintiffs base their claim for relief.
On a motion for summary judgment the court considers the pleadings, depositions and admission on file, together with the affidavits, if any, and forthwith renders the judgment sought if they show palpably that there is no genuine *547 issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. R.R. 4:58-3. The amended complaint itself being insufficient to sustain the cause of action, we proceed to examine the affidavits to determine the correctness of the Law Division action.
We are not informed as to the reasons for the entry of summary judgment. It does not appear whether the court considered plaintiffs' very brief affidavit in opposition to the motion for summary judgment. It was served the day before the hearing, and well over a month after service of the notice of motion. Since R.R. 4:58-3 requires an adverse party to serve opposing affidavits not later than two days prior to the date of hearing, the court was free to disregard plaintiffs' affidavit entirely.
But more importantly, plaintiffs' affidavit did not meet the provisions of R.R. 4:58-6 which requires that such affidavit "shall be made on personal knowledge and shall set forth only facts which are admissible in evidence and to which the affiant is competent to testify." Cf. R.R. 4:44-4, and former Supreme Court Rule 81. For example, it stated that defendant David Frazee had on August 12, 1953 (obviously 1954 was meant) ordered plaintiff corporation's telephones "discontinued"; that prior to August 23, 1954 he attempted to deposit its checks "in the account of another business"; that thereafter he caused to be sent out under the heading of the Shaw company a monthly statement advising plaintiffs' customers that Shaw had taken over the corporate plaintiff's accounts, and that Frazee attempted to collect monies due plaintiffs for June and July 1954. These statements are hearsay for all that appears; we are given no information indicating the nature and sources of the affiants' knowledge and therefore cannot say that the plaintiffs Ash would be competent to testify to the facts related in their affidavit. We are not provided with the affidavit of any person having actual knowledge of the facts. The only statement in plaintiffs' affidavit which is of their own personal knowledge is that they were barred *548 from entering the premises in question  a fact of no materiality, as already noted. The affidavit was therefore inefficacious in defeating the motion for summary judgment. Toth v. Vazquez, 3 N.J. Super. 379, 383 (Ch. Div. 1949); cf. Mueller v. Seaboard Commercial Corp., 5 N.J. 28, 37 (1950). The trial court was free to disregard plaintiffs' answering affidavit on this ground as well as that of late filing.
We conclude that upon a consideration of all the pleadings and affidavits there was no genuine issue as to any material fact challenged and that defendants were entitled to summary judgment as a matter of law.
Affirmed.