111 N.J. Super. 559 (1970)
270 A.2d 51
NATHAN BERNSTEIN, AS A CITIZEN AND TAXPAYER OF THE BOROUGH OF POMPTON LAKES, PLAINTIFF-RESPONDENT,
v.
DONALD KROM AND THE MAYOR AND COUNCIL OF THE BOROUGH OF POMPTON LAKES, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1970.
Decided October 16, 1970.
*560 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Lawrence T. Isenberg argued the cause for appellants (Messrs. Isenberg & Isenberg, attorneys).
*561 Mr. Jerome A. Vogel argued the cause for respondent (Messrs. Jeffer, Walter, Tierney, DeKorte, Hopkinson & Vogel, attorneys).
PER CURIAM.
Defendants appeal from a summary judgment ordering the mayor and council of the Borough of Pompton Lakes to adopt a resolution directing the borough attorney to institute an action to recover salary overpayments made to the mayor and other members of the governing body of the borough holding office from January 1, 1967 onward.
By his complaint in lieu of prerogative writs plaintiff Nathan Bernstein, a taxpayer, sought, so far as concerned the present appeal, a declaration that certain salary ordinances affecting the salaries of the mayor and members of the council of the borough were illegal, and an order directing the members of the borough governing body to return the allegedly illegal payments or to adopt a resolution ordering the borough attorney to institute an action to recover them.
Pompton Lakes is an incorporated borough operating under a mayor and council form of government consisting of the mayor and six councilmen. Prior to 1967 the annual salary of the mayor had been $750 and that of each councilman $500. However, for the years 1967, 1968 and 1969 the mayor and council adopted a salary ordinance fixing the annual salary of the mayor at $1,500 and that of each councilman at $1,000, and payments were made accordingly.
According to the federal census of 1960 the population of the borough was 9,445. With certain exceptions not here relevant, boroughs having a population less than 10,000 in counties of the second class having a population of more than 265,000 are authorized to fix, by ordinance, the salary of the mayor and council at not more than $750 for the mayor and $500 for each councilman. N.J.S.A. 40:88-3.1, 40:88-3.2. Plaintiff contended that since the ordinances in question had fixed salaries which were in excess of those amounts, they were invalid in the absence of a referendum approving them. N.J.S.A. 40:46-23, 40:46-26.
*562 At the hearing on plaintiff's motion for summary judgment, the then counsel for the municipality conceded, as its attorney only, that he knew of no legal authority to sustain the legality of the salaries voted by the mayor and council. When specifically questioned by the court as to what right they had to do so, he answered, "I know of none. In my brief I don't contend they do."
While the court expressed the opinion that the action of the governing body was illegal, rather than so find and thereafter direct those who had received the increased salary to return the money (some of them were no longer in office and none had been made parties), it entered judgment directing the current governing body to order the borough attorney to institute a suit to recover from those who had received them, all salary payments in excess of $750 for the mayor and $500 for each councilman. The present appeal is from that judgment.
In essence, defendants raise two points, that (1) the facts adduced do not support the relief granted, and (2) the action is barred by R. 4:69-6.
Defendants urge that mandamus was not available because plaintiff's legal right was not clear. Not so. We are here concerned with the legal right of the municipality for whose benefit plaintiff brought the present action in lieu of prerogative writs. The facts relative to its rights were not in dispute. The salary ordinances for the years 1967, 1968 and 1969 fixed the salary of the mayor and council at twice the sum authorized by the applicable statute. Payment of salaries in such amounts was unauthorized in the absence of approval by a referendum. It was conceded that no such referendum was held, and that salaries paid out to the mayor and members of the council during the three years in question had exceeded by $11,000 the amount allowed without a referendum. An action for the return of that amount was called for and we cannot say the trial court was in error in directing that the borough attorney, who was appointed and was being paid to represent the borough, *563 should bring such an action for its benefit. Any problem of conflict of interest because of some overriding loyalty on his part to some or all of those who would be defendants in the case could be resolved by the substitution of other counsel, as in other cases.
The availability of other remedies did not preclude the court's action. While plaintiff could have sought leave of the court to bring an individual action in the name of and for the benefit of the municipality, N.J.S.A. 2A:15-18, or could have sought to induce nine other taxpaying freeholders to join him in such a suit, N.J.S.A. 2A:49-1; Ippolito v. Mayor, etc., Hoboken, 60 N.J. Super. 477 (App. Div. 1960); Demoura v. Newark, 74 N.J. Super. 49 (App. Div. 1962), the court was not obligated to relegate plaintiff to expenditure of his own substance to recover monies due the borough. Further, while we have not considered it in arriving at our determination to affirm, we recognize merit in the suggestion that since the court, pursuant to N.J.S.A. 2A:15-18, was vested with authority to authorize the institution of such a suit in the name of the municipality by an individual resident and taxpayer, it could authorize the bringing of action in the borough's name and for its benefit by the borough attorney.
We have reviewed plaintiff's remaining contentions in connection with this point and find them to be without merit. The rights of third parties, i.e., those who have received salary overpayments but are no longer members of the governing body, will not be adversely affected, but they will have a full opportunity to be heard in the action to be brought. We are not concerned with the motives which impelled plaintiff to seek the return of the overpayments to the borough. Nor do we find authority for holding that since payment of the challenged salaries was not concealed by the recipients, but was accomplished after public hearing and passage of the annual salary ordinance, the borough was precluded from recovering the excess salaries paid.
*564 Defendant's second point, that R. 4:69-6 barred plaintiff's action, is likewise without merit. Subsection (c) of R. 4:69-6 authorizes the court to enlarge the 45-day period where it is manifest that the interest of justice so requires. It is clear from the record that the trial judge exercised that authority to get to the merits of the matter. The nature of the controversy and the public interest involved afforded just cause for his doing so. Thornton v. Ridgewood, 17 N.J. 499 (1955); Schierstead v. Brigantine, 29 N.J. 220 (1959); Riddlestorffer v. Rahway, 82 N.J. Super. 36 (Law Div. 1963); Guernsey v. Allan, 63 N.J. Super. 270 (App. Div. 1960). Compare Haack v. Ranieri, 83 N.J. Super. 526, 538-540 (Law Div. 1964).
The judgment of the Law Division is accordingly affirmed.