**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3689-22

JEFFREY S. FELD, ESQ.,

     Plaintiff-Appellant,

and

THE FOUR FELDS, INC., d/b/a
L. EPSTEIN HARDWARE CO. and
REASONABLE LOCK & SAFE CO.,
INC.,

     Plaintiffs,

v.

THE CITY OF NEWARK,
WEEQUAHIC PRESERVATION,
LLC, NEWARK MAYOR RAS J.
BARAKA, THE CITY OF NEWARK
CITY COUNCIL, NEWARK CITY
CLERK KENNETH LOUIS,
NEWARK CORPORATION COUNSEL
KENYATTA K. STEWART, ESQ.,
NEWARK BUSINESS
ADMINISTRATOR ERIC S.
PENNINGTON, ESQ., NEWARK
DIRECTOR OF ECONOMIC AND
HOUSING DEVELOPMENT JOHN
PALMIERI, NEWARK DIRECTOR

OF FINANCE DANIELLE SMITH, NEWARK DIVISION OF TAX ABATEMENT AND SPECIAL TAXES MANAGER JUANITA M. JORDAN, CTC, NEWARK TAX ASSESSOR AARON WILSON, ESQ., THE COUNTY OF ESSEX, ESSEX COUNTY EXECUTIVE JOSEPH N. DIVINCENZO, JR., ESSEX COUNTY BOARD OF COUNTY COMMISSIONERS,[1] ATTORNEY GENERAL OF NEW JERSEY MATTHEW J. PLATKIN, THE NEW JERSEY HOUSING MORTGAGE FINANCE AGENCY, THE NEW JERSEY DIVISION OF LOCAL GOVERNMENT SERVICES, and THE NEW JERSEY OFFICE OF LOCAL PLANNING SERVICES,

    Defendants-Respondents.

_____

Argued September 11, 2024 – Decided October 29, 2024

Before Judges Mayer, DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2617-19.

Jeffrey S. Feld, appellant, argued the cause pro se.

John P. Profita argued the cause for respondents City of Newark, Newark Mayor Ras J. Baraka, City of Newark City Council, Newark City Clerk Kenneth Louis,

---

[1] The Essex County Board of Chosen Freeholders is now known as the Essex County Board of County Commissioners.

Newark Corporation Council Kenyatta K. Stewart, Newark Business Administrator Eric S. Pennington, Newark Director of Economic and Household Development John Palmieri, Newark Director of Finance Danielle Smith, Newark Division of Tax Abatement and Special Taxes Manager Juanita M. Jordan, CTC, and Newark Tax Assessor Aaron Wilson (DeCotiis, Fitzpatrick, Cole & Giblin, LLP, attorneys; John P. Profita, on the brief).

Grace Chun argued the cause for respondent Weequahic Preservation, LLC (Pearlman & Miranda, LLC, attorneys; Grace Chun, of counsel and on the brief).

Thomas M. Bachman, Assistant County Counsel, argued the cause for respondents County of Essex, Essex County Executive Joseph N. DiVincenzo, Jr., and Essex County Board of County Commissioners (Jerome M. St. John, Essex County Counsel, attorney; Thomas M. Bachman, on the brief).

Brian D. Ragunan, Deputy Attorney General, argued the cause for respondents Attorney General of New Jersey Matthew J. Platkin, New Jersey Housing and Mortgage Finance Agency, New Jersey Division of Local Government Services, and New Jersey Office of Local Planning Services (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Brian D. Ragunan, on the brief).

PER CURIAM

Plaintiff Jeffrey S. Feld, Esq. appeals from the following Law Division

orders: five orders entered April 27, 2023, each dismissing plaintiff's complaint

3  A-3689-22

against various defendants for lack of standing; an April 27, 2023 order denying as moot his motion for an order declaring a conflict of interest and directing the government defendants to retain substitute counsel; and a July 10, 2023 order denying his motion for reconsideration.

Plaintiff's complaint in lieu of prerogative writs challenged a tax abatement awarded by defendant City of Newark to defendant Weequahic Preservation, LLC, pursuant to the Long Term Tax Exemption Law (LTTEL), N.J.S.A. 40A:20-1 to -22. He sought injunctive, declaratory, equitable and monetary relief. The trial court concluded plaintiff lacked standing to challenge the municipal decision because he did not reside in Newark, did not pay taxes in Newark, and did not own property in Newark. The court further found plaintiff lacked standing under N.J.S.A. 2A:15-18 because he failed to obtain court approval to institute an action under that statute. Because he lacked standing to challenge the City's award of the tax abatement, the court denied as moot his motion to declare a conflict of interest.

The court denied plaintiff's subsequent motion for reconsideration because he failed to demonstrate the decision was based on a palpably incorrect or irrational basis, or that the court failed to consider significant probative

evidence, and did not produce any new evidence to support a finding he had standing to proceed with the case.

On appeal, plaintiff argues he has constitutional, statutory and common law third-party standing as an Essex County taxpayer to challenge the tax exemption, and that the trial court erred in dismissing his complaint without ruling on the merits of his claims. We disagree and affirm substantially for the reasons articulated by the trial court. We add only the following comments.

"Whether a party has standing to pursue a claim is a question of law subject to de novo review." Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 414 (2018) (citations omitted). In considering a Rule 4:6-2(e) motion, we examine the motion "by the same standard applied by the trial court; thus, considering and accepting as true the facts alleged in the complaint, we determine whether they set forth a claim upon which relief can be granted." Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) (citing Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005)).

"Standing 'refers to the plaintiff's ability or entitlement to maintain an action before the court.'" In re Adoption of Baby T., 160 N.J. 332, 340 (1999) (quoting N.J. Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 409 (App. Div. 1997)). Standing to sue "requires a sufficient stake and real

adverseness with respect to the subject matter of the litigation."  Ibid. (citing Crescent Park Tenants Ass'n Equities Corp. of N.Y. v. Realty Equity Corp. of N.Y., 58 N.J. 98, 107 (1971)).  "A substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable decision is needed for the purposes of standing."  Ibid.  (citations omitted).  Thus, when a plaintiff lacks standing, it "precludes a court from entertaining any of the substantive issues presented for determination."  Ibid.  (citing Watkins v. Resorts Int'l Hotel & Casino Inc., 124 N.J. 398, 424 (1991)).

Our Supreme Court has "recognized a broad right in taxpayers and citizens of a municipality to seek review of local legislative action without proof of unique financial detriment to them."  Kozesnik v. Twp. of Montgomery, 24 N.J. 154, 177 (1957).  However, courts should not "entertain proceedings by plaintiffs who are 'mere intermeddlers' or are merely interlopers or strangers to the dispute."  Crescent Park Tenants Ass'n Equities Corp. of N.Y., 58 N.J. at 107 (citations omitted).  Thus, courts are to "confine[] litigation to those situations where the litigant's concern with the subject matter evidence[s] a sufficient stake and real adverseness."  Ibid.

As the trial court found, plaintiff does not have a legally cognizable stake in the City's decision to award the tax abatement nor a substantial likelihood he will experience some harm if the court returns an unfavorable decision.[2]

Plaintiff also cannot establish standing pursuant to N.J.S.A. 2A:15-18 because he failed to first obtain judicial consent required by that statute. See Demoura v. City of Newark, 74 N.J. Super. 49, 59 (App. Div. 1962). We also reject plaintiff's claim that the enactment of L. 2021, c. 17, § 6, which eliminated the Tax Court's jurisdiction to hear a third-party challenge to an assessment or exemption under the LTTEL, created an automatic right for a plaintiff to bring that cause of action in the Law Division. See N.J.S.A. 54:3-21(b). An aggrieved party must demonstrate standing to file a cognizable claim in the Law Division, which plaintiff could not do here.

Because the trial court's decision dismissing the complaint was sound, its subsequent denial of plaintiff's motion for reconsideration did not constitute an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

---

[2] To the extent plaintiff seeks to establish standing based on his contention the LTTEL repealed N.J.S.A. 55:14K-37(b), this argument is unavailing because the LTTEL does not contain a provision repealing that statute.

To the extent we have not expressly addressed any issues raised by plaintiff, it is because they lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3689-22