LUKE MELCHIONNE (AND EIGHT OTHERS), APPELLANTS-RESPONDENTS, v. CITY OF NEWARK, *ETC.*, *ET AL.*, RESPONDENTS-APPELLANTS.

Argued September 26, 1960—Decided January 10, 1961.

Mr. *William L. Boyan,* Deputy Attorney General, argued the cause for appellant Department of Civil Service (*Mr. David D. Furman,* Attorney General, attorney; *Mr. William L. Boyan,* Deputy Attorney General, of counsel).

Mr. *Thomas M. Kane* argued the cause for appellant City of Newark (*Mr. Vincent P. Torppey,* attorney; *Mr. Thomas M. Kane,* of counsel; *Mr. Joseph A. Ward,* on the brief).

Mr. *Benjamin H. Chodash* argued the cause for respondents (*Messrs. Krieger & Chodash,* attorneys; *Mr. Benjamin H. Chodash,* of counsel; *Mr. Seymour Margulies,* on the brief).

Mr. *Martin S. Fox,* attorney for Essex Council No. 1, New Jersey Civil Service Association, filed a brief *amicus curiae* (*Mr. David I. Fox,* on the brief).

The opinion was delivered

PER CURIAM. The question here is whether plaintiffs have tenure under the Civil Service Act, *N. J. S. A.* 11:1–1 *et seq.,* in the positions of "foreman, parks and trees." The Department of Civil Service held they did not and hence approved their "demotion" to "laborer-driver." The Appellate Division reversed. 60 *N. J. Super.* 104 (1960). Both the Department and the City of Newark appeal, asserting the judgment violates *Art.* VII, § I, *par.* 2 of the Constitution, the provisions relating to the civil service. A motion was made to dismiss the appeals upon the ground that the constitutional issue is merely colorable. We find it unnecessary to decide the motion.

Between 1920 and 1929 plaintiffs were appointed to positions in the labor class of the classified service of the City. The appointments were lawfully made without competitive examination since the positions were in the labor class.

In 1948 and 1949, positions of "foreman-laborer" were created and plaintiffs were appointed thereto without competitive examination. We think the critical question is whether these appointments were permanent. The record before us is obscure and confusing. Our efforts to obtain a stipulation of further facts proved unrewarding. Specifically, we cannot tell whether the positions of "foreman-laborer" were deemed to be in the competitive class when plaintiffs were appointed to them. If they were, we think it clear the appointments would be but temporary, and it would not matter that prior thereto plaintiffs had in fact performed duties of a "foreman" in connection with their positions of laborers if such duties were beyond the job specification of their original jobs in the labor class.

Nor, in our view, could plaintiffs claim tenure by virtue of the action taken upon the Messick study and report in 1953 if their appointments as "foreman-laborer" were but temporary. Dr. Messick had been engaged by the City in 1950 to study the classifications of positions and salaries. The Messick report recommended that the title of "foreman-laborer" be changed to "foreman, parks and trees," with a new salary range for the job. The job specification remained essentially the same. The City adopted an ordinance implementing the recommendation and plaintiffs were appointed. It is clear that the positions as thus revised were deemed to be in the competitive class. Plaintiffs did not obtain permanency in the new positions by their appointments in 1953 if they had none in the predecessor positions. It was not the purpose of the Messick study to determine the legality or status of incumbency in existing positions. Rather it was concerned with the structure of municipal employments. Reclassification could not confer permanency where none existed. The requirement of the Civil Service Act had still

to be met. Hence, it seems to us that if plaintiffs were but temporary appointees in their former positions, they remained such in their new ones. On the other hand, if they were permanent incumbents in the earlier positions, they were not deprived of their status by the reclassification, albeit their promotional rights could be appropriately qualified by reason of the circumstance that the original positions were not in the competitive class.

Thus, as we have said, we think the critical question is whether at the time of the appointments to the position of "foreman-laborer" the position was deemed by the Department to be within the competitive class. Upon the record before us we cannot say the Department could not legally have placed it in the labor or the non-competitive classes, and under the total circumstances the issue must be resolved in favor of plaintiffs. The long history recounted in the opinion of the Appellate Division bespeaks departmental determinations that the position was beyond the requirement of a competitive examination. The confusion is abundant, but nothing suggests that plaintiffs were parties to a plan to evade the Civil Service Act or were aware of any such purpose. On the contrary, plaintiffs, acting in good faith, appear to have been led to believe their status was secure. Rather the responsibility for this muddled scene is chargeable to the Department and the city. To permit government to reverse its stand after so many years would itself disserve the aim of the Civil Service Act in the peculiar circumstances of this case.

The judgment of the Appellate Division is accordingly affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.