IN RE GRIEVANCE OF CERTAIN EMPLOYEES IN THE DEPARTMENT OF TRANSPORTATION CONCERNING THEIR HOURS OF WORK.

Superior Court of New Jersey
Appellate Division

Argued September 11, 1972—Decided October 5, 1972.

Before Judges LEWIS, CARTON and MINTZ.

*Mr. George L. Pellettieri* argued the cause for appellants (*Messrs. Pellettieri and Rabstein,* attorneys; *Messrs. Lewis C. Stanley and Ira C. Miller,* on the brief).

*Mr. David S. Litwin,* Deputy Attorney General, argued the cause for respondent (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

PER CURIAM. Some 59 employees of the Division of Design in the State Department of Transportation appeal a decision of the Civil Service Commission holding that, despite the existence of a past practice permitting them to work only 35 hours per week, these employees are now required to work a full 40 hours as indicated by their job titles.

Appellants-employees hold engineering titles and work in the buildings of the Department. For some years, professional engineering employees have been listed in the office records of the Department of Civil Service and Transportation as having 40-hour weeks. Such work schedules were adopted pursuant to *N. J. S. A.* 11:14–1:

The chief examiner and secretary shall, after consultation with the heads of department and their principal assistants, prepare, and after approval by the commission, administer regulations regarding * * * hours of work * * *.

The regulations and work records make no distinction between "on the road" and "in office" engineering employees.

It appears that for a number of years engineers working outside of the buildings or on the road worked 40 hours per week. However, those working in the offices of the Department worked 35 hours per week. Appellants are included in the latter group. The Commissioner of Transportation, becoming aware of the differential, issued a directive in March 1971 directing that all employees work each week the number of hours required in their respective title and regulations of the Department of Civil Service.

The appellants pursued certain grievance procedures designed to rescind the action of the Commissioner. In the fourth stage grievance the appeal of the aggrieved employees was denied.

The Commissioner then requested the Civil Service Commission to exercise its discretion to review the issue. The Commission agreed to do so, permitting both sides to submit all materials and arguments in writing, but refusing to permit the grievants to summon witnesses.

■ The Civil Service Commission found that the difference in working hours was accounted for by inaccurate hours of work-accounting systems sanctioned for many years by officials in the Transportation Department. However, it held that the work schedule established under *N. J. S. A.* 11:14–1 must be adhered to, and that there was no basis for allowing "in house" engineers to work less hours per week than "on the road" engineers. It accordingly ruled that the Transportation Commissioner's directive must be complied with.

We affirm essentially for the reasons set forth in the Commission's decision.

■ Certain additional points raised on appeal require comment. We find no substance to the argument made by respondent that this court lacks jurisdiction to review the Civil Service Commission decision because that decision falls within a special class of administrative decisions not reviewable by the court. *In re Senior Appeals Examiners,* 60 *N. J.* 356 (1972), is dispositive on this issue.

■ Appellants' counter-argument that the Civil Service Commission lacked jurisdiction to consider and decide their grievance likewise lacks merit. Such power was exercised by that agency pursuant to *N. J. A. C.* 4:1–23.6. Since the Civil Service Commission is given authority under *N. J. S. A.* 11:14–1 to promulgate regulations concerning hours of employment, the statutory scheme would seem to contemplate also that that agency should adjudicate administrative disputes arising thereunder. *Cf. Essex Coun. #1, N. J. Civil Service Ass'n v. Gibson,* 118 *N. J. Super.* 583 (App. Div. 1972).

■ Appellants argue that they were unduly limited by not being permitted to summon witnesses before the Civil

Service Commission. Although permitting them to do so might have provided a more extensive background as to the origin of the employment practices involved in this dispute, we see no prejudice sustained by them as a result of the Commission's ruling. The issues appear to be legal rather than factual and the record sufficiently reflects the factual background required for their resolution.

Finally, we see no merit in appellants' contention that the March 4 directive of the Commissioner of the Department of Transportation constituted a breach of contract which required them to work only 35 hours a week. *N. J. S. A.* 11:14–1 reposed in the Chief Examiner and Secretary of the Civil Service Commission the function of setting the hours for the various employees of the State. In our estimation, no official of the Transportation Department had the legal right of contracting that employees therein work for more or less hours than established in accordance with the statutory mandate. Nor are we persuaded that an estoppel should be applied against the State based upon any such improper practice. That doctrine may be applied in a proper case against a public body to prevent a manifest wrong or injustice. See *Voyt v. Borough of Belmar,* 14 *N. J.* 195 (1954) ; *Summer Cottagers' Ass'n of Cape May v. City of Cape May,* 19 *N. J.* 493, 503 (1955) ; *East Orange v. Board of Water Commissioners,* 73 *N. J. Super.* 440 (Law Div. 1962), aff'd 40 *N. J.* 334 (1963). No such manifest wrong or injustice inheres in a decision requiring employees to work the number of hours prescribed by their job title.

Affirmed ; no costs.