151 N.J. Super. 54 (1977)
376 A.2d 554
SHARON J. OMROD, PLAINTIFF-APPELLANT,
v.
NEW JERSEY DEPARTMENT OF CIVIL SERVICE, VINELAND STATE SCHOOL AND RAY LOUF, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1977.
Decided June 30, 1977.
*55 Before Judges BISCHOFF, MORGAN and KING.
Mr. Mitchell S. Berman argued the cause for appellant (Messrs. Shapiro, Eisenstat, Capizola, O'Neill & Gabage, attorneys).
Mr. Arnold Lakind, Deputy Attorney General, argued the cause for respondent, Department of Civil Service (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
This action was instituted by the filing of a complaint on October 9, 1975 in the Chancery Division in which plaintiff challenged her removal from the position of Supervisor of Recreation at the Vineland State School, the appointment of defendant Louf as Supervisor of Recreation, and the validity of the examination given by the *56 Civil Service Commission (CSC). Defendants CSC and Vineland State School moved to dismiss and on May 7, 1976 Judge Gruccio entered an order transferring the case to the Appellate Division pursuant to R. 1:13-4(a). Thereafter, on August 13, 1976 the CSC concluded the plaintiff was not entitled to a hearing on the termination of her provisional appointment as Supervisor of Recreation at the Vineland State School.
We accept for purposes of this appeal the accuracy of the facts alleged by plaintiff. On April 13, 1961 plaintiff was hired by defendant School as an institutional attendant. From October 28, 1961 to September 1, 1962 she served as a recreation assistant. From September 1, 1962 to November 10, 1962 she was again employed as an institutional attendant. On November 10, 1962 plaintiff was appointed as a teaching assistant and in that capacity she served as Acting Supervisor of Recreation from April 1965 to October 7, 1967. She was appointed Supervisor of Recreation on October 7, 1967 and served in that post until October 11, 1975. The appointment was noted on the Civil Service forms as "pending open competitive examination." Plaintiff's performance as Supervisor of Recreation was considered excellent by her supervisors and peers, and we do not doubt her contentions in that regard. On October 11, 1975 plaintiff was dismissed as Supervisor of Recreation and demoted to teaching assistant. She was thus removed from a position where she rendered excellent service for ten years and her salary was reduced from $14,141 to $9,241.
The position of Supervisor of Recreation had been classified under Civil Service since March 1, 1949. On January 30, 1975 plaintiff took the open competitive examination and passed with a score of 77.5 out of a possible 100. She placed 67th on the list of those examined. Defendant Louf scored 81.25 on the examination. After the commencement of this action defendant Louf was terminated and replaced by Edward J. Mihaly who had scored 83.5 on the *57 examination. Since defendant Mihaly was not a party to this action and appeal, this court notified him of his right to appear and file a brief prior to oral argument, because of his obvious personal stake in the outcome of this proceeding. Mihaly declined to appear, advising this court he would rely on the contentions advanced by the Deputy Attorney General appearing for the CSC.
The final determination of the CSC noted that plaintiff was a provisional employee who had finished 67th in the competitive examination, and as a provisional employee who had been terminated, had no right to appeal to the CSC under N.J.A.C. 4:1-16.8. The CSC further considered the appeal untimely insofar as it attempted to challenge the examination. We prefer to reach the merits of this appeal and do not consider plaintiff barred by any alleged untimely action. Any such delay on the plaintiff's part pales to insignificance when contrasted to the CSC's delay in holding the examination for this classified position.
In either 1965 or 1967 a vacancy arose in the position of Supervisor of Recreation and the Vineland State School notified the CSC thereof. For either eight or ten years, depending on which allegation is accepted, plaintiff held the position as a temporary employee and rendered excellent performance. She concededly knew of her vulnerable status at all times. On November 1, 1974 the examination was first announced, and thereafter was held on January 30, 1975. On this appeal plaintiff contends entitlement to the position as of right by virtue of the passage of years in the position and her admittedly competent performance. She asserts her termination by the CSC was arbitrary, capricious and irrational, and contrary to the purposes and goals of the Civil Service Act.
If plaintiff's rights alone vis a vis the CSC were the only concern of this court we would readily acknowledge the substantial merit of her position. However, we must be appropriately concerned with the rights of the present holder of the position who prepared and sat for the examination *58 and has occupied the position on the basis of the results of competitive examination in reliance upon the regularity of the civil service procedure. Upon the occurrence of a vacancy in 1965 or 1967 the CSC had the duty to certify the person willing to accept the particular employment whose name appeared on the employment list. N.J.S.A. 11:10-1. If the list was exhausted or inadequate, the CSC was required by law to "forthwith proceed to hold tests for the purpose of establishing an employment list." N.J.S.A. 11:10-2. This was never done and no reason for noncompliance with the statute has been offered. N.J.S.A. 11:10-3 provides for provisional appointment pending the establishment of a proper list and admonishes that such appointment shall continue "in no case for a period exceeding a total of four months." Ibid. The unfortunate impact of the CSC's failure to follow the statutory directive could not be more evident than from a recital of the facts of this case.
Plaintiff urges us to apply the doctrine of equitable estoppel against the CSC and grant relief by way of a declaration of her tenure in the position of Supervisor of Recreation. The doctrine of equitable estoppel has been invoked in the past, albeit sparingly, against a public body, to prevent a manifest injustice. See Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493, 503 (1955); Vogt v. Belmar, 14 N.J. 195 (1954); In re Greivance of Trans. Emp., 120 N.J. Super. 540, 545 (App. Div. 1972). This court has previously stated in a case where the delay in giving the examination resulted in a provisional employee holding office of 18 months, "The mere passage of time during which a temporary appointee serves in office, and the failure of the Civil Service Commission to hold an examination or take other action against such an appointee, cannot convert a temporary status into a permanent one." Capibianco v. Civil Service Comm'n, 60 N.J. Super. 307, 319 (App. Div. 1960). We are not prepared to hold that principle to be controlling and automatically *59 dispositive of the present situation where the position was occupied for a period of at least eight years.
If we were concerned solely with the rights of the plaintiff in this situation we would not hesitate to hold that the CSC's failure to conduct the examination during the years in which plaintiff provisionally occupied the position with distinction equitably estopped that agency from now seeking to dislodge her from the job. To so hold in this case would not operate to the detriment of the agency, but would result in punishing the blameless Mihaly who has held the job now for some months as a result of his reliance on regular procedures and merit achievement on the test. The doctrine is, however, traditionally available where its application and attendant consequences redound against the party charged with improperly acting in the first instance, not to the detriment of a wholly innocent person. Since the relief plaintiff seeks would result in the ouster of a duly qualified and totally innocent holder of the position we reluctantly decline to grant her request.
Plaintiff relies upon Melchionne v. Newark, 60 N.J. Super. 104 (App. Div. 1960) aff'd 34 N.J. 16 (1961), where the Supreme Court upheld the claims of permanent job status of certain Newark employees under civil service because "the responsibility for this muddled scene is chargeable to the Department and the City." 34 N.J. at 19. Nothing in Melchionne suggests that vindicating the plaintiffs' claims of permanent status resulted in the displacement of legally appointed persons from their positions, so the situations are inapposite. Plaintiff contends the CSC was arbitrary in its refusal to conduct a hearing and suggests that if this court does not order her reinstated, we should remand for a hearing on "the other facts in issue." As we perceive the issues on this appeal, plaintiff's only entitlement to the position is based on her own equitable posture and her contention that the CSC should be estopped from removing her because of its failure to adhere to its legal obligation over these many years to hold an *60 examination. We have fully entertained this argument on appeal, based on the facts as plaintiff presents them, and see no necessity for any further hearing in this matter. We find plaintiff's challenge to the merits of the examination without substance because of her remote ranking thereon.
Affirmed.